

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-63,863-03

### EX PARTE BRUCE DIGBY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 7493 IN THE 1-A DISTRICT COURT
### FROM TYLER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and sentenced to five years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that he is actually innocent.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the complainant recanted her allegations in sworn testimony at a hearing before the Board of Pardons and Paroles; if so, whether her recantation is credible and newly available or discovered evidence, *Ex parte Brown*, 205 S.W.3d 538, 545–46 (Tex. Crim. App. 2006); and if so, whether Applicant has established by clear and convincing evidence that no reasonable juror would have convicted him in light of the complainant's recantation. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 3, 2016
Do not publish